IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| JESSICA G. TYLER, et al. | : | |
| | : | |
| v. | : | Civil Action No. DKC 22-2637 |
| | : | |
| JUDGE BIBI M. BERRY, et al. | : | |
| | : | |

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this disability discrimination case is the motion to dismiss or, in the alternative, for summary judgment filed by Defendants Judge Bibi M. Berry, Judge Karen A. Ferretti, Montgomery County Circuit Court, and Montgomery County District Court.[1] (ECF No. 18). The issues have been briefed, and the court now rules, no hearing being deemed

---

[1] Also pending is Defendants' motion to seal certain documents attached to their motion to dismiss or for summary judgment. (ECF No. 16). They seek to seal only those documents that contain Plaintiffs' health information and personal information related to Plaintiff Jermaine Tyler's and his ex-wife's divorce, child custody, and child support proceedings, including information about their minor child and finances. Redaction would be inappropriate, given the sensitive nature of information throughout each of those documents. Plaintiffs oppose the motion to seal, arguing that Defendants' exhibits are "part of the Public Record and Record Extract in the State proceedings." (ECF No. 21, at 2). Defendants have not replied. This court does not have access to the state court proceedings and cannot verify that all of the documents and transcripts are fully available publicly. Given that the personal information pertains to some parties not before the court (Plaintiff's ex-wife and child), and because those portions of the exhibits are not relevant to the issues before this court, the motion will be granted.

necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

## I. Standards of Review

When deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a court must accept as true a complaint's well-pleaded allegations, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). A court need not, however, accept legal conclusions couched as factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009), or conclusory factual allegations devoid of any reference to actual events, *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). To state a plausible claim and survive a Rule 12(b)(6) motion, a plaintiff must "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Nemet Chevrolet, Ltd. V. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (*quoting Iqbal*, 556 U.S. at 679).

Fed.R.Civ.P. 12 provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). Under these circumstances, Rule 12 provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is

2

pertinent to the motion." *Id.* Ordinarily, conversion of a motion to dismiss to a motion for summary judgment is "not appropriate where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Such conversion may be appropriate, however, if the party opposing summary judgment does not make "an attempt to oppose the motion on the grounds that more time [is] needed for discovery or move[] for a continuance to permit discovery before the district court rule[s]." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996).

A non-moving party must be provided with notice that a motion to dismiss filed by its opponent may be converted to one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). When a party styles its motion to dismiss in the alternative and attaches supporting exhibits, as Defendants have done here, the non-moving party is generally assumed to have received adequate notice. *See id.* When the non-moving party is proceeding *pro se*, it may also be necessary that the party "be advised of [its] right to file counter-affidavits or other responsive material and alerted to the fact that [its] failure to so respond might result in the entry of summary judgment against [it]." *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam).

Under Fed.R.Civ.P. 56(a), a motion for summary judgment may be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading[] but must set forth specific facts showing that there is a genuine issue for trial." *Interprofession du Gruyere v. U.S. Dairy Exp. Council*, 61 F.4th 407, 415 (4th Cir. 2023) (internal quotation marks omitted) (quoting *Liberty Lobby*, 477 U.S. at 248).  "A mere scintilla of proof . . . will not suffice to prevent summary judgment[.]"  *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted).  The court must construe the facts that are presented in the light most favorable to the party opposing the motion. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

**II. Background**

Plaintiffs Jessica G. Tyler and Jermaine Tyler, proceeding *pro se*, filed the instant lawsuit against Defendants, alleging violations of the Americans with Disabilities Act (the "ADA") and

4

Section 504 of the Rehabilitation Act ("Section 504"). In their Second Amended Complaint, they allege that Defendants violated their rights under those statutes by denying their requests to appear before Defendants remotely rather than in person on several occasions. (ECF No. 13).

### A. Plaintiffs' Allegations

The Second Amended Complaint, which is unverified, contains the following factual allegations. Mr. Tyler has diabetes and kidney disease, and Mrs. Tyler had a high-risk pregnancy. (*Id.* ¶¶ 10-11). Both Plaintiffs are or were limited in their mobility. (*Id.*). Mr. Tyler was a party in divorce, child custody, and child support cases (against his ex-wife, who is not Plaintiff Mrs. Tyler) in Defendants Montgomery County Circuit Court ("Circuit Court") and Montgomery County District Court ("District Court") before various judges, including Defendants Judge Bibi M. Berry, Associate Judge for the Circuit Court, and Judge Karen A. Ferretti, Associate Judge for the District Court. (*Id.* ¶¶ 5-6, 12). Mrs. Tyler served or sought to serve as a witness in those cases. (*Id.* ¶ 13).

Prior to a February 11, 2021, hearing before Circuit Court Judge David Boynton, who is not a party to this case, Plaintiffs submitted a request to participate in the hearing via remote video conference. (*Id.* ¶ 18). Judge Boynton denied the request, and Mr. Tyler appeared at the hearing in person, missing critical

5

medical treatment in order to attend. (*Id.* ¶¶ 18-19). Mrs. Tyler was told that she would be advised if her testimony was needed, and she did not attend. (*Id.* ¶¶ 18, 20).

Plaintiffs submitted a request to appear remotely at a hearing on December 2, 2021, before Defendant Judge Berry at the Circuit Court. (*Id.* ¶ 26). An ADA Coordinator for the Circuit Court responded to the request, stating that "approval is solely granted by the discretion of the assigned Judicial Officer." (*Id.*). Judge Berry denied the request, and Mr. Tyler appeared at the hearing in person, missing critical medical treatment to do so. (*Id.* ¶¶ 27-28).

Plaintiffs submitted a request to appear remotely for a hearing before the District Court on January 11, 2022. (*Id.* ¶ 29). They did not receive a response to their request, and they did not attend the hearing. (*Id.* ¶¶ 29-30). Plaintiffs also submitted a request to appear remotely before Judge Ferretti at the District Court on another occasion on an unspecified date, and Judge Ferretti denied the request. (*Id.* ¶¶ 43-45).

Plaintiffs submitted a request to appear remotely for a hearing on March 7 and 8, 2022, before Circuit Court Judge Berry. (*Id.* ¶ 31). The Circuit Court ADA Coordinator responded to their request by advising them again that "approval is solely granted by the discretion of the assigned Judicial Officer." (*Id.*). Judge Berry denied the request. (*Id.* ¶ 32). Mr. Tyler appeared at the

6

hearing both days in person, while Mrs. Tyler was unable to attend. (*Id.* ¶¶ 31-32). The same sequence of events occurred for hearings before Judge Berry on June 21 and 22 and October 7, 2022. (*Id.* ¶¶ 34-42). At the October 7 hearing, Judge Berry "made mock[ing] comments of the Plaintiffs['] disability and required medical expenses." (*Id.* ¶ 42).

### B. Defendants' Motion

Defendants filed a motion to dismiss or, in the alternative, for summary judgment, to which they attached several exhibits.[2] (ECF No. 18). Those exhibits include copies of accommodation request forms submitted by Plaintiffs, correspondence between court staff and Plaintiffs, and transcripts from the hearings referenced in Plaintiffs' complaint.

Defendants produced a "Request for Accommodation for Person with Disability" form, dated February 4, 2021, and signed by Mr. Tyler. (ECF No. 17). The form requests a "Remote/Virtual Hearing" for a hearing before the Circuit Court on February 11, 2021. The form does not mention Mrs. Tyler or her disability. Defendants

---

[2] The exhibits attached to Defendants' motion are not accompanied by any authenticating affidavit or declaration. That lack is not fatal, however, because exhibits need not be in admissible form to be considered at summary judgment. Fed.R.Civ.P. 56(c). Only if the opposing party objects that the material cannot be presented in a form that would be admissible at trial does the proponent have to show that the material is or will be admissible. Plaintiffs have not raised any objection to Defendants' exhibits and appear to concede their accuracy and authenticity.

also produced a letter, dated February 4, 2021, addressed to Mr. Tyler from the Circuit Court "Administrative Assistant/ADA Coordinator." (ECF No. 18-4). The letter confirms that the Circuit Court had received the request and advises:

> [T]he Maryland Rules (2-801 through 2-806) allow for remote electronic appearance of the type you are requesting. As a result, you should use the procedures provided in those rules to request remote appearances for future hearings, and not the ADA [accommodation] request [procedures]. The judicial officer (judge or magistrate) has authority to make a ruling on your request.

No evidence has been produced that reflects that Plaintiffs subsequently submitted a request to Judge Boynton, who presided over the February 11, 2021, hearing, for either Plaintiff to appear remotely at the hearing. Defendants produced the transcript of the hearing, which does not contain any reference to such a request, to Mr. Tyler's alleged missed medical treatment, or to Mr. Tyler's desire to call Mrs. Tyler as a witness. (*See generally* ECF Nos. 17-1; 17-2).

Defendants produced a hearing sheet and transcript for the hearing on December 2, 2021, which reflects that the hearing was conducted in person and was a status hearing before Judge Berry. (*See generally* ECF Nos. 17-3; 18-9). No witnesses were called, no testimony was taken, and there was no mention of an accommodation request during the hearing. Defendants also submitted a declaration by the Circuit Court ADA Coordinator, who states that

8

she was "unable to locate any ADA accommodation requests" for this hearing.  (ECF No. 18-26).

Next, Defendants submitted hearing sheets and transcripts for the hearing on March 7 and 8, 2022.  (ECF Nos. 17-4; 17-5; 17-6; 18-11; 18-12).  These exhibits reflect that the hearing was held "via video" on both days.  Defendants also submitted correspondence between the ADA Coordinator and Judge Berry's staff, dated March 4, 2022.  (ECF No. 18-13).  The correspondence reflects that the ADA Coordinator advised Judge Berry's staff that Mr. Tyler had "filed an ADA requesting remote/virtual hearing" for the March 7 hearing, and Judge Berry's staff responded that Judge Berry would "be granting the request."

With respect to the hearing on June 21 and 22, 2022, Defendants produced a copy of a motion for continuance that Mr. Tyler purportedly filed on June 10, 2022, by and through counsel. (ECF No. 18-18).  The motion reflects that Mr. Tyler requested a continuance because he intended to attend a funeral on June 21 and had another court matter scheduled for June 22.  The motion contains no mention of a request that the hearing be conducted remotely or any disability-related reasons for the continuance. The hearing was conducted in person on June 21 and 22 before Judge Berry, and Defendants submitted the hearing transcripts.  (ECF Nos. 17-7; 17-8; 17-9; 17-10).  The transcripts contain no mention of a request for a remote hearing or a desire for Mrs. Tyler to

9

testify. The Circuit Court ADA Coordinator stated in her declaration that she was unable to locate any accommodations requests for these hearings.[3] (ECF No. 18-26).

Defendants submitted a hearing sheet and transcript for the hearing before Judge Berry on October 7, 2022. (ECF Nos. 17-11; 18-21). Defendants also produced an accommodation request that they received from Mrs. Tyler, in which she stated that she was to be a witness in the hearing and requested to participate in the hearing remotely. (ECF No. 17-12). Mr. Tyler is not included in this request. There are no documents in the record reflecting if or how the Defendants responded to the request, but there is no mention in the transcript of Mr. Tyler's desire to call Mrs. Tyler as a witness at this hearing. There are also no comments by Judge Berry in the transcript that could conceivably be interpreted as "mockery" of Plaintiffs' disability and medical expenses. Indeed, neither Plaintiff's disability is discussed at any point during the hearing.

As for the allegations related to the proceedings in the District Court and before Judge Ferretti, Defendants did not provide any documentation pertaining to a hearing before that court on January 11, 2022, and they note that Plaintiffs did not provide

---

[3] The ADA Coordinator's declaration references proceedings on June 22 and 23, rather than on June 21 and 22, possibly erroneously.

a case number or any documentation of that hearing. (ECF No. 18-1, at 12, 36-37). Defendants did identify two protective order cases before the District Court, filed in November 2022, and they submitted a copy of two accommodation requests filed by Mr. Tyler for two hearings related to those cases on November 10, 2022. (ECF No. 17-13). They also submitted communications between District Court staff and Mr. Tyler, reflecting that a link to access a virtual hearing for that day was provided to Mr. Tyler on November 9, 2022. (ECF No. 18-25).

### C. Plaintiffs' Response

Following the filing of Defendants' motion to dismiss or for summary judgment, the court issued to Plaintiffs a notice that advised Plaintiffs of their "right to file a response to [Defendants'] motion within twenty-eight (28) days from the date of this notice, unless otherwise ordered by the presiding judge." (ECF Nos. 19, 20). The notice advised Plaintiffs:

> Your response should address the facts and arguments made by [D]efendant(s) in their motion . . . . Your response should include affidavits (statements made under oath); declarations (statements made subject to the penalty of perjury under 28 U.S.C. § 1746); or other materials that contest the affidavits, declarations, or records filed by the defendant(s), which are needed to show the Court that a genuine issue of material fact remains to be determined and the case should proceed to trial or evidentiary hearing. If you cite to materials in support of your complaint that have NOT been filed with the Court already, you MUST attach them to your

11

>       opposition. . . . If you do not file a timely
>       written response, or if your response is
>       inadequate, the Court may dismiss the case or
>       enter judgment against you without further
>       opportunity to present written argument.

Enclosed with the notice was a copy of Fed.R.Civ.P. 12 and 56.

Plaintiffs filed a response reiterating the allegations in the Second Amended Complaint and responding to some of the legal arguments Defendants made in their motion, which will be discussed later.  (ECF No. 26).  Plaintiffs did not attach any exhibits to their response or attempt to explain any of the discrepancies between the allegations in their complaint and the evidence submitted by Defendants.

More than a month later, Plaintiffs filed a "Request for Judicial Notice," in which they requested that the court take judicial notice of several "facts" and exhibits attached to their request.[4]  Most of the "facts" and exhibits appear entirely unrelated to Plaintiffs' ADA and Section 504 claims and instead relate to Mr. Tyler's underlying divorce, child custody, and child support cases, including Mr. Tyler's motion to recuse Judge Boynton, who is not a party to this case.  (ECF No. 28).  Two of the exhibits do appear related to Plaintiffs' ADA and Section 504

---

[4] Some of the "facts" of which Plaintiffs seek the court to take judicial notice cross over the line into opinions and legal conclusions, such as, "Judge Berry maliciously and intentionally used an erroneous and inequitable process in determining [Mr. Tyler's] income for the purposes of calculating child support[.]" (ECF No. 28 ¶ 15).

12

claims. One is a copy of the "Maryland Court Help" webpage advising litigants how to request disability accommodations. (ECF No. 28-3). The other is a copy of an email, dated February 8, 2021, from Mrs. Tyler to the Circuit Court ADA Coordinators in which she stated that she had "been called as a witness" for a hearing on February 11, 2021, noted that the testimony was scheduled to be in person, and attached to the email a "Request for Accommodation for Person with Disability Form and supporting medical documentation." (ECF No. 28-4). The email did not specify what accommodation Mrs. Tyler requested, and the attached form itself is not included in the exhibit. Defendants' alleged response to Mrs. Tyler's request, which Plaintiffs referenced in the Second Amended Complaint, is also not included.

A trial court has discretion to "judicially notice a fact that is not subject to reasonable dispute," such as where the fact "is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201. Because most of the "facts" and exhibits that Plaintiffs seek the court to judicially notice are not relevant to the issues in this case, and most, if not all, would not meet the standard for judicial notice, the court declines to exercise its discretion to notice them judicially. Nevertheless, as with Defendants' exhibits, absent objection from Defendants that the

13

exhibit would not be admissible at trial, it may be considered at summary judgment. Thus, the contents of the "Maryland Court Help" webpage and the email will be assumed as authentic and accurate for the purpose of resolving Defendants' motion.

### III. Analysis

Title II of the ADA prohibits public entities, including state and local governments and instrumentalities thereof, from engaging in disability discrimination. *See* 42 U.S.C. §§ 12131 *et seq.* To succeed on such a claim, plaintiffs must prove that "(1) they have a disability; (2) they are otherwise qualified to receive the benefits of a public service, program, or activity; and (3) they were denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of their disability." *Nat'l Fed'n of the Blind v. Lamone*, 813 F.3d 494, 502–03 (4th Cir. 2016). "Discrimination" in this context "includes not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." *Seremeth v. Bd. of Cnty. Comm'rs of Frederick*, 673 F.3d 333, 336 (4th Cir. 2012) (internal quotation marks omitted). What constitutes a "reasonable accommodation" is a circumstance-specific question of fact. *See id.* at 340. Because the language used in Title II of the ADA and Section 504 is substantially the same, the statutes are generally analyzed together. *See Doe v.*

14

*Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1264 n.9 (4th Cir. 1995).

### A. Application of the ADA to this Case

As a preliminary matter, Defendants argue that "Plaintiffs' factual allegations do not implicate the ADA" because Maryland courts had put in place "specific rules[] which comprehensively control and manage the types of requests for remote participation about which [P]laintiffs complain." (ECF No. 18-1, at 16). Thus, Defendants argue, Plaintiffs should have sought relief "within the appropriate state court mechanisms," and their claims are "unrelated to Title II of the ADA." (*Id.*). This argument is misguided. Federal statutes take precedence over state laws—let alone state court rules. *See* U.S. Const. art. VI, cl. 2. Title II of the ADA contains no exhaustion requirement. *See Lucas v. Henrico Cnty. Sch. Bd.*, 822 F.Supp.2d 589, 604 (E.D.Va. 2011); *see also* 28 C.F.R. § 35.172 ("At any time, the complainant may file a private suit . . . whether or not the designated agency finds a violation."). Thus, if Plaintiffs can successfully prove that Defendants' handling of their accommodation requests violated the ADA, it would be irrelevant whether Defendants handled the requests in accordance with the state court rules or whether Plaintiffs sought relief under state court procedures before filing suit. Plaintiffs' claims, on their face, at least implicate the ADA (and Section 504).

15

**B. Claims against Individual Judges**

Defendants contend that the claims against Judge Berry and Judge Ferretti should be dismissed because the claims were brought against them in their individual capacities. (ECF No. 18-1, at 18). Courts have recognized that "[n]either Title II of the ADA nor Section 504 of the Rehabilitation Act permit individual capacity suits." *Brown v. Dep't of Pub. Safety & Corr. Servs.*, 383 F.Supp.3d 519, 552 (D.Md. 2019) (citing *Barnes v. Young*, 565 F.App'x 272 (4th Cir. 2014)); *see also Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) ("Neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."). Plaintiffs respond that individual defendants can be sued in their official capacities, (ECF No. 26, at 2), but the Second Amended Complaint explicitly states that each judge "is being sued in her individual capacity," (ECF No. 13, at 3). "It is well-established that parties cannot amend their complaints through briefing[.]" *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). Thus, both claims will be dismissed as against Defendants Judge Berry and Judge Ferretti.[5]

---

[5] Because the courts are themselves defendants, it would be redundant to name the individuals in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted) ("Official-capacity suits . . . generally

### C.  Claims against Circuit Court and District Court

Defendants argue that the ADA claim against Defendants Circuit Court and District Court should be dismissed because the claim does not fit into the exception to sovereign immunity under the Eleventh Amendment, recognized in *United States v. Georgia*, 546 U.S. 151 (2006), and other cases.  (ECF No. 18-1, at 15-16). Defendants also argue that the suit is barred by the *Rooker-Feldman* doctrine.  (ECF No. 18-1, at 18-19).  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983).  Next, Defendants argue that Plaintiffs have failed to plead allegations sufficient to support their ADA and Section 504 claims.  (ECF No. 18-1, at 19-23).  Finally, they argue that summary judgment is appropriate because, given the record, Plaintiffs cannot demonstrate that they were excluded from participation in or denied the benefits of the courts' services.[6] (ECF No. 18-1, at 23-37).  Because summary judgment in Defendants' favor is appropriate on both claims against the Circuit Court and District Court, it is unnecessary to resolve Defendants' other arguments.

---

represent only another way of pleading an action against an entity of which an officer is an agent.").

[6] Defendants' motion also contains arguments regarding a claim under 42 U.S.C. § 1983, (ECF No. 18-1, at 19), but the Second Amended Complaint does not contain any claims under § 1983.

Plaintiffs were provided with adequate notice, through Defendants' motion itself and the notice provided by the court, that Defendants' motion could be converted to one for summary judgment and that, if they did not adequately respond to the facts contained in Defendants' motion and in the exhibits they attached thereto, judgment may be entered against them.  Plaintiffs have not opposed Defendants' motion on the grounds that discovery is needed to support their claims or suggested that any evidence supporting their claims exists but is not currently in the record.  Thus, it is appropriate to convert the motion and to consider matters outside the pleadings—that is, the exhibits submitted by both parties.

Defendants' motion squarely challenged Plaintiffs to come forward with evidence that they were denied a benefit or discriminated against.  The motion contains documentation that directly refutes some of Plaintiffs' allegations and casts doubt onto the others.  As the party opposing the motion for summary judgment, Plaintiffs have submitted very little evidence in support of their ADA and Section 504 claims and in response to Defendants' evidence.  The only relevant and probative document Plaintiffs produced is an email that purports to show that Mrs. Tyler submitted an accommodation request for the hearing on February 11, 2021, before Judge Boynton.  Plaintiffs have identified no evidence that supports a conclusion that Defendants

18

ever actually denied their request to participate remotely on February 11, 2021, or on any other occasion. At most, evidence produced by Defendants shows that on at least one occasion, Defendants responded to Plaintiffs' accommodation request by advising Plaintiffs of the proper procedure for requesting a remote hearing, and there is no evidence that Plaintiffs followed that procedure.

In sum, Plaintiffs have not shown that there is a genuine issue for trial as to whether they were "denied the benefits of [a public entity's] service, program, or activity, or otherwise discriminated against," in violation of the ADA and Section 504. The allegations in their unverified complaint and response to Defendants' motion, without any evidence to support them, are insufficient to preclude summary judgment. Accordingly, summary judgment will be entered in favor of Defendants Circuit Court and District Court and against Plaintiffs.

**IV. Conclusion**

For the foregoing reasons, Defendants' motion to dismiss or for summary judgment and motion to seal will be granted. A separate order will follow.

                                                /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge